FILED

APR 29 2011

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

ALAN BASSANI,

               Plaintiff - Appellant,

   v.

R. SUTTON, a Yakima County Animal Control Officer; et al.,

               Defendants - Appellees.

No. 10-35482

D.C. No. 2:08-cv-03012-RHW

MEMORANDUM[*]

Appeal from the United States District Court
for the Eastern District of Washington
Robert H. Whaley, Senior District Judge, Presiding

Submitted April 11, 2011[**]
Seattle, Washington

Before: KLEINFELD, TASHIMA, and SILVERMAN, Circuit Judges.

This is a constitutional-tort claim brought under 42 U.S.C. § 1983. The

underlying facts are known to the parties and need not be repeated. Alan Bassani

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**] The panel unanimously concludes this case is suitable for decision without oral argument. See Fed. R. App. P. 34(a)(2).

appeals the district court's grant of summary judgment for defendants Randy Sutton, the Yakima County Sheriff's Department, and Yakima County. Bassani's complaint alleged that Sutton (as Yakima County's Animal Control Officer) violated principles of due process when he seized one of Bassani's two dogs. The district court held that Bassani's claims were barred by res judicata because Bassani had brought a previous lawsuit, in which he successfully petitioned for the release of one of these dogs. The district court also denied his motion to amend his complaint to include both dogs, based on undue delay and undue prejudice.

Bassani argues that the district court incorrectly relied on a prior decision of this court interpreting Federal Rule of Civil Procedure 16(b) rather than Civil Rule 15(a). See Coleman v. Quaker Oats Co., 232 F.3d 1271 (9th Cir. 2000). But Bassani misreads our decision. In fact, Coleman addressed both Rule 16 *and* Rule 15, including the prejudice requirement under Rule 15. See id. at 1295. In any event, we hold that the district court's ultimate conclusions—that there would be undue delay and prejudice to the defendants if Bassani were allowed to amend his complaint two years into litigation and after the close of discovery—were not an abuse of discretion.

To the contrary, our case law shows that the district court did not abuse its discretion in determining that allowing such an amendment after discovery had already concluded would have prejudiced the defendants and caused undue delay given the two years that had already elapsed.  See, e.g., AmerisourceBergen Corp. v. Dialysist West, Inc., 465 F.3d 946, 953 (9th Cir. 2006); Lockheed Martin Corp. v. Network Solutions, Inc., 194 F.3d 980, 986 (9th Cir. 1999).  And this was especially true where, as here, Bassani had known about the facts and legal theories giving rise to his amendments from his suit's inception.  See Acri v. Int'l Ass'n of Machinists & Aerospace Workers, 781 F.2d 1393, 1398 (9th Cir. 1986).

We therefore **AFFIRM**.